## Srock v. Coggeshall

*Michael Goldman*, for plaintiff.

*Joseph H. Foster*, for defendant.

McDEVITT, P. J.—The matter in controversy arises out of a personal injury action brought on behalf of minor plaintiff by his parent and natural guardian. Plaintiff alleges he was injured in an auto accident on November 11, 1961.

On June 22, 1962, at defendant's request, plaintiff was examined by M. A. Wohl, M.D. A copy of Dr. Wohl's report was furnished plaintiff, wherein, as a part of what the doctor calls "comment" he states:

"Our initial diagnosis and comments remain tenable. At the present time this man still has evidence of some peripheral involvement, with root irritation, spasm and restriction. We feel it would be interesting and helpful in the total evaluation of this case to review the records of the Naval Hospital of Philadelphia and the results of the Medical Survey Board. At the present time we do feel this man is disabled from active

duty. If and when you are able to obtain these reports we should be glad to review them in the light of our present examination."

Subsequently, defendant requested authorization of plaintiff to examine these records "to avoid the necessity of a subpoena and discovery deposition which would be costly and time-consuming to both of us." In response to this letter, plaintiff made some of the records available to defendant. Other records were obtained by defendant by means of subpoena and deposition of records.

After Dr. Wohl examined all of the records of the Philadelphia Naval Hospital and the Medical Survey Board, an additional report was prepared. Upon defendant's refusal to provide plaintiff with a copy of this second report, plaintiff filed his motion for sanctions seeking to preclude defendant's use, at time of trial, of either this report or the testimony of Dr. Wohl, and to preclude defendant from introducing any evidence concerning plaintiff's physical condition.

Plaintiff contends that this refusal by defendant comes within the purview of Pennsylvania Rules of Civil Procedure, Rule 4010(b) which states: "If requested by the person examined, the party causing the examination to be made . . . shall deliver to him a copy of a detailed written report of the examining physician setting out his findings and conclusions." See also Philadelphia Common Pleas Court Rule 4010(a). If plaintiff is correct that this second report is in fact a written report of Dr. Wohl's examination of plaintiff, then he is clearly entitled to such report. The mere fact that it would contain "expert opinion" would not preclude this result, for plaintiff would be entitled to the entire report. See Kozlowski v. O'Brien, 28 D. & C. 2d 742 (C. P. Phila. 1963); Herman v. Daly, Jr., 33 D. & C. 2d 164 (C. P. Phila. 1964); Alinkoff v. McDonald, 33 D. & C. 2d 715 (C. P. Luzerne 1964).

Rule 4011 (d) provides: "No discovery or inspection shall be permitted which . . . (d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses; . . ." It is, therefore, clear that the solution to the problem raised on this motion lies in a proper characterization of Dr. Wohl's second report. For, if the second report is but a part of the first report concerning the examination of plaintiff, then plaintiff is clearly entitled to a complete copy. On the other hand, if the second report is of such nature that it does not depend, rely upon, or relate directly to the examination of plaintiff, then it is protected as being a memorandum or statement or information "made or secured . . . in preparation for trial. . . ."

Plaintiff argues that when Dr. Wohl stated in his examination report that "it would be interesting and probably helpful . . . to review the records" of plaintiff, any further reports prepared by the doctor based upon such reports should be fully disclosed. Plaintiff has received a copy of Dr. Wohl's examination report. That is all he is entitled to under the rules. The second report referred to was obtained by defendants' counsel for the purpose of marshaling all of the medical evidence in preparation for trial.

Furthermore, what Dr. Wohl did for defendant, plaintiff's physician may also do. That is, examine all of the hospital and Survey Board records, and report to plaintiff's counsel his findings thereon. As to such a report, plaintiff's attorney might or might not agree to furnish a copy of this report to defendant. However, defendant would not be entitled to a copy of this report for the same reason. It is, therefore, ordered that plaintiff's motion for sanctions is dismissed.